From C. P. Addams, Harrisburg, Pa.

---

## Moritz v. Luzerne County.

*Public officers—Interpreters—Compensation—Act of May 6, 1915.*

1. Under the Act of May 6, 1915, P. L. 271, a court interpreter is entitled to the annual salary provided by the act only where his service is continuous through the year.

2. Where the service is not continuous, but is rendered only during terms of the criminal court before grand juries and in matters pertinent to the criminal courts, he is entitled only to the rate *per diem* agreed upon before the act was passed.

Rule for judgment for want of sufficient affidavit of defence. C. P. Luzerne Co., Dec. T., 1923, No. 493.

*John S. Lopatto* and *F. P. Slattery*, for plaintiff.

*John H. Dando*, for defendant.

JONES, J., Feb. 4, 1924.—This is an action of *assumpsit* brought by plaintiff to recover $3535 from the County of Luzerne, defendant.

In his statement plaintiff avers that, prior to May 6, 1915, he was a court interpreter in the judicial district comprising Luzerne County, and was paid the sum of $5 *per diem* while on duty, and continued as such until July 7, 1919.

That on May 6, 1915 (P. L. 271), there was approved an act of the legislature entitled "An act to fix the salary of court criers, court interpreters and tipstaffs in judicial districts containing more than 250,000 inhabitants and less than 1,000,000 inhabitants," and fixing the salary of court interpreters at $1200 per annum, to be paid out of the county treasury monthly.

That the County of Luzerne comes within that class, and has continued paying plaintiff since said date, on the basis of $5 *per diem* while on duty, and this is a suit for the salary fixed by the act of assembly, *supra*, from the date of its passage, to wit, May 6, 1915, to July 7, 1919, on the basis of $1200 per annum, less a credit (not stated), leaving a balance due of $3535, with interest.

Where a claim is allowed by the plaintiff, a lumping total of credits is not sufficient and plaintiff may be required by the defendant to furnish a specific statement of items of credit: Dow *v.* Williams, 4 Dist. R. 659; Philadelphia Show Case Co. *v.* Kapper, December Term, 1921, No. 701.

The statement in this case is defective in that respect, but defendant does not ask for a more specific statement.

The defendant files an affidavit of defence to the merits of the claim, averring, among other things, that the plaintiff entered upon the employment as

4 D. & C.

Moritz *v.* Luzerne County.

interpreter in the Courts of Quarter Sessions of this county, under an agreement and understanding to receive as full and absolute compensation for all services so rendered the sum of $5 *per diem* for each day actually engaged as such interpreter in said courts, and that, pursuant thereto, plaintiff at various times during said employment rendered to the county bills for services so rendered at the rate of $5 *per diem*, and that such bills were duly paid and receipts therefor signed and delivered to the county by the plaintiff, and that defendant has paid plaintiff in full for all services so rendered and is not indebted to him in any sum whatever. To which plaintiff excepts and attempts to raise the proposition of law that the salary of an interpreter cannot be diminished in the manner thus averred in the affidavit of defence.

But upon the pleadings that question cannot be raised upon this motion, because the affidavit of defence avers in the sixth paragraph that the defendant did not render continuous service to the county; that he was present in court and rendered services only during the terms of criminal courts, grand juries and in matters pertinent to the criminal courts of said county.

The act of assembly contemplates continuous service to be rendered for the salary fixed, and, in view of the allegation in the affidavit that plaintiff did not render continuous service, the exception is dismissed and the rule for judgment is discharged.